UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:20 CR 98 HEA (JMB) |
| | ) | |
| JERRY DALE LEECH D.C., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OF DETENTION AFTER A HEARING**
**ON A PETITION TO REVOKE PRE-SENTENCING RELEASE**

On Wednesday, March 25, 2026, Defendant appeared with counsel before this Court for a bond revocation hearing.  The government was represented by an Assistant United States Attorney.  Having conducted a hearing pursuant to 18 U.S.C. § 3148, the Court makes the following findings:

Defendant is awaiting sentencing following guilty pleas to several felonies, including conspiracy, controlled substance offenses, and healthcare fraud.  Defendant has been on release since February 2020.  Among his conditions of release were conditions that he does not violate federal, state, or local law, and that he does not use alcohol excessively.  On March 14, 2026, Defendant was stopped by the Frontenac, MO, Police when he was clocked speeding 99 mph in a Lamborghini.  The officer suspected that Defendant was intoxicated but Defendant refused to submit to any tests.  Defendant was arrested.  As a result of this incident, Pretrial Services submitted a violation report to the Honorable Henry E. Autrey, U.S. District Judge. Judge Autrey issued a bond violator's warrant.  Defendant was arrested and had his initial appearance before the U.S. Magistrate Judge on Duty.  Judge Autrey's chambers referred the final revocation hearing to the undersigned U.S. Magistrate Judge for disposition.

At the revocation hearing, Defendant, through counsel, acknowledged the arrest and some of the facts.  The government advised that it was prepared to call the Frontenac Officer to testify, as well as the Senior Pretrial Services Officer supervising Defendant.  The undersigned advised that the Court would accept proffers and argument from the parties, in other words, there would be no need for a "mini-trial" on the new criminal charges.  The government offered as its Exhibit 1 a copy of the Frontenac Police Report, and proffered the facts associated with the traffic stop on March 14, 2026.  The government noted that many of the events in question were also recorded on the officer's body worn camera.  Thus, the proffer of evidence has substantial degree of reliability.  The government also proffered a spreadsheet (Gov't Exh. 2) reflecting various controlled substance prescriptions that Defendant had filled over an extended period of time, up to January 2026.  Per the government many of the substances were for stimulants and Xanax-related substances.  Per the government and the Senior Pretrial Services Officer, Defendant did not test positive for any of these substances despite being randomly tested approximately once per month.  This circumstance would arguably suggest that Defendant was not using the substances himself but was rather disposing of them in some other way(s).

1

Defendant asked to be returned to release, noting that he poses no flight risk and has had very few violations despite his lengthy time on release.   Defendant contends that the DUI case is not strong and that there exist conditions (e.g., home confinement and no driving) that he could abide by if returned to release.   Defendant noted he has serious family obligations as well.

Defendant has pleaded guilty to several felony offenses.   Defendant faces a potentially lengthy term of imprisonment.   He no longer enjoys the presumption of innocence in the instant federal case, and he has demonstrated extremely poor judgment given his circumstances. Pursuant to 18 U.S.C. § 3148, based on the entire record before the Court, the undersigned finds probable cause to believe that Defendant violated a federal, state, or local law, and clear and convincing evidence demonstrating that Defendant violated the conditions of his release.   There is probable cause to believe that Defendant committed the criminal offenses of DUI and driving well in excess of the speed limit.   There is clear and convincing evidence to believe that Defendant violated his conditions of release.   Based on the entire record, and for the reasons stated during the hearing, the undersigned finds that there is no condition or combination of conditions that will reasonably assure that Defendant will not pose a danger to the community, and further finds that Defendant is unlikely to abide by any condition or combination of conditions of release.

Accordingly,

☒      There is probable cause to believe that the Defendant has committed a Federal, State, or local crime while on release.

or

☒      There is clear and convincing evidence that the Defendant violated the conditions of release noted above and discussed at the hearing.

and

☒      (A) Based on the factors set forth in 18 U.S.C. § 3142(g), there is no condition or combination of conditions of release that will assure that the Defendant will not flee or pose a danger to the safety of any other person or the community.

or

☒      (B) The Defendant is unlikely to abide by any condition or combination of conditions of release.

Pursuant to 18 U.S.C. § 3142(h)(i), the Court directs that the Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; directs that the Defendant be afforded a reasonable opportunity for private consultation with counsel; and, on order of a court of the United States or on a request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

The Defendant is remanded into the custody of the United States Marshal.

_____
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 25th day of March, 2026.