UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20CR00098 HEA |
| | ) | |
| JERRY LEECH, D.C., | ) | |
| | ) | |
| Defendant. | ) | |

**CONSENT MOTION OF THE UNITED STATES
FOR PRELIMINARY ORDER OF FORFEITURE**

COMES NOW the United States of America, by and through its attorneys, Thomas C. Albus, United States Attorney for the Eastern District of Missouri, and Justin M. Ladendorf, Assistant United States Attorney for said District, and with the consent of Defendant Jerry Leech, D.C., by and through his attorney, John D. Stobbs, and moves this Court to issue a Preliminary Order of Forfeiture in the above-captioned case.  In support thereof, the United States sets forth the following:

1.      On February 13, 2020, Defendant Jerry Leech, D.C. was charged in an Indictment with offenses of, *inter alia*, Conspiracy to Commit Offenses against the United States, in violation of Title 18, United States Code, Section 371; Obtaining Controlled Substance by Fraud, Deception, or Subterfuge, in violation of Title 21, United States Code, Section 843(a)(3); Illegal Kickbacks for Referrals, in violation of Title 42, United States Code, Section 1320a-7b(b)(1)(B); and Health Care Fraud, in violation of Title 18, United States Code, Section 1347.  The Indictment also alleged

1

upon conviction of said offenses, that Defendant shall forfeit certain property, including but not limited to a sum of money equal to the total value of any property, real or personal, constituting or derived from proceeds of Defendant's offenses.

2.      On February 2, 2021, Defendant pled guilty to the above-described offenses.

3.      Based upon the forfeiture allegation of the Indictment and Defendant's plea of guilty, Defendant consents to the entry of a Preliminary Order of Forfeiture ordering the forfeiture of certain assets pursuant to the applicable forfeiture authorities for the offenses to which he has pled guilty, which includes the following:

a.  Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any property, real or personal, which constitutes or is derived from proceeds traceable to the offense of Conspiracy to Commit Offenses against the United States;

b.  Pursuant to Title 21, United States Code, Sections 853, any property constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offense of Obtaining Controlled Substance by Fraud, Deception, or Subterfuge; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense; and

c.  Pursuant to Title 18, United States Code, Sections 982(a)(7), any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses of Illegal Kickbacks for Referrals or Health Care Fraud.

2

4.      Defendant consents to the entry of a forfeiture money judgment against Defendant and in favor of the United States in the amount of $4,718,561, which represents the value of any property, real or personal, constituting or derived from proceeds of Defendant's offenses.

5.      Defendant also consents that the Government has reached the statutory criteria under Title 21, United States Code, Section 853(p), and is authorized to seek the forfeiture of substitute property in satisfaction of the forfeiture money judgment.

6.      On March 25, 2026, U.S. Magistrate Judge Joseph S. Dueker issued seizure warrants for certain financial accounts of Defendant that were located subsequent to the initial investigation.  *See* Case No. 4:26-MJ-2073 JSD & 4:26-MJ-2074 JSD.

7.      On March 26, 2026, the Federal Bureau of Investigation executed said seizure warrants at PNC Bank and Busey Bank.

8.      Defendant agrees that the below seized accounts belong to him, and further consents to the forfeiture of the funds held in such accounts as substitute property in partial satisfaction of Defendant's forfeiture money judgment (hereafter, the "Subject Property"):

      a.  Approximately $3,600,000.00 in funds from bank account #4008 held in the name of a revocable trust account of Defendant's mother at Busey Bank;

      b.  Approximately $151,555.88 in funds from bank account #3354 held in the name of SW CS Group at Busey Bank;

      c.  Approximately $265,130.80 in funds from bank account #6398 held in the name of Marketing & Operation Resources at PNC Bank;

3

d.  Approximately $27,334.82 in funds from bank account #6881 held in the name of SW CS Group at PNC Bank.

9.  The only parties known to hold any potential interest in the Subject Property are SW CS Group, which was established by Defendant but in an attorney's name as the organizer and registered agent; Marketing & Operating Resources, which also uses a law firm as the organizer and registered agent; and Defendant's mother, who is a signatory on the accounts. According to Defendant, he is the sole true owner of the entirety of the accounts, and there are no other parties or persons known to have any interest in the Subject Property other than those identified herein.

10.  Forfeiture of substitute assets does not require a showing of any connection between the substitute property and the offense of conviction. *See United States v. Fleet*, 498 F.3d 1225, 1231 (11th Cir. 2007). Rather, once the United States shows that directly forfeitable property, including a money judgment, is unavailable, the Court must order the forfeiture of the substitute property up to the value of the directly forfeitable property. *See* 21 U.S.C. § 853(p)(2); *see also United States v. Hall*, 434 F.3d 42, 58 n.7 (1st Cir. 2006) (substitute assets may be forfeited to satisfy a forfeiture order); *United States v. George*, 2010 WL 1740814, *3 (E.D. Va. 2010) (forfeiting annuity payments owing to the defendant in partial satisfaction of a money judgment).

11.  Pursuant to Rule 32.2(b)(4)(A) and with Defendant's consent, the Preliminary Order of Forfeiture becomes final as to Defendant upon entry.

12.  Pursuant to Rule 32.2(b)(4)(B), the Court must include the forfeiture when orally announcing the sentence or must otherwise ensure Defendant knows of the forfeiture at sentencing.

4

The Court must also include the forfeiture order, directly or by reference, in the judgment, but the Court's failure to do so may be corrected at any time under Rule 36.

13.     Upon issuance of a Preliminary Order of Forfeiture, the United States shall publish notice of the Order and send direct notice to any person who reasonably appears to be a potential claimant with standing pursuant to and in accordance with Rule 32.2 of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853(n). Upon adjudication of any third-party interests, the United States shall move this Court for a Final Order of Forfeiture declaring the forfeited pursuant to Rule 32.2(e).

WHEREFORE, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, the United States moves this Court to enter a Preliminary Order of Forfeiture forfeiting the above-described property, and that includes a forfeiture money judgment against Defendant and in favor of the United States in the amount of $4,718,561.00.  Pursuant to Rule 32.2(b)(3), the United States also requests authority to conduct any discovery permitted by the Federal Rules of Civil Procedure in order to identify, locate, or dispose of any property subject to forfeiture under this order, including depositions, interrogatories, subpoenas, and requests for production.  The United States submits herewith its proposed Preliminary Order of Forfeiture.

Dated: April 6, 2026

Respectfully submitted,

THOMAS C. ALBUS
United States Attorney


 /s/  Justin M. Ladendorf
JUSTIN M. LADENDORF, #68558MO
Assistant United States Attorney
111 South 10th Street, Suite 20.333
Saint Louis, Missouri 63102
Telephone:      (314) 539-2200
*Justin.Ladendorf@usdoj.gov*